CONNELL FOLEY LLP
888 7th Avenue, 9th Floor
New York, New York 10106
*Attorneys for Defendants Verizon Communications, Inc.
and Aetna, Inc. d/b/a Aetna Life Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP M. RAFIY, M.D. a/a/o FREDERICK CONNERS,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., AETNA, INC. d/b/a AETNA LIFE INSURANCE COMPANY,<br><br>Defendants. | Civil Action<br><br>**NOTICE OF REMOVAL**<br><br>*Filed Electronically* |

**NOTICE OF REMOVAL**

TO:   United States District Court
     Eastern District of New York
     Long Island Courthouse
     100 Federal Plaza
     Central Islip, NY 11722

Pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446 Defendants, Verizon Communications, Inc. (hereinafter "Verizon") and Aetna, Inc. d/b/a Aetna Life Insurance Company (hereinafter "Aetna"), remove this action to this Court and respectfully state:

1.   Verizon and Aetna are named as defendants in a civil action pending in the Supreme Court, County of Nassau, captioned *Philip M. Rafiy, M.D. a/a/o Frederick Conners v. Verizon Communications, Inc., Aetna, Inc. d/b/a Aetna Life Insurance Company*, and bearing Index Number 6587-13. (Exhibit A).

2. This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b) in that, as shown below, it is one over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1331 because the Complaint asserts a civil action arising under the laws of the United States.

3. Plaintiff, PHILIP M. RAFIY, M.D. a/a/o FREDERICK CONNERS ("Plaintiff") purports to assert causes of action against Verizon and Aetna pursuant to an assignment of benefits received from a patient, F.C., who is alleged to be a beneficiary of a health benefits plan issued and funded by Verizon and administered by Aetna.

4. The plan at issue is a self-funded employee health benefits plan ("the Plan"), which was created pursuant to and is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

5. Through his Complaint, Plaintiff alleges that Verizon and Aetna failed and refused to make full payment for services rendered and have only made partial payment in the amount of $31,297.77.

6. The Complaint expressly invokes ERISA at paragraphs 10 to 12, and therefore, purports to seek to recover benefits and enforce the terms of the Plan within the meaning of section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1).

7. As a result, Plaintiff's causes of action, as a matter of law, arise pursuant to and are governed by section 502(a)(1) of ERISA, 29 U.S.C. § 1132(a)(1). Furthermore, any state law causes of action are completely preempted by section 502(a) of ERISA, 29 U.S.C. § 1132(a) and, thus, are properly removable. *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil

enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted.").

8. Accordingly, federal subject matter jurisdiction exists over Plaintiff's asserted claims in accordance with 28 U.S.C. § 1331, and this action may thus be removed pursuant to 28 U.S.C. §§ 1441(a).

9. The Supreme Court of New York, County of Nassau is located in the Eastern District of New York. 28 U.S.C. § 112. This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

10. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Verizon and Aetna in the state court action are attached hereto as Exhibit A.

11. Defendant Verizon was personally served on June 11, 2013, and Defendant Aetna was personally served on June 18, 2013. Thirty (30) days have not yet expired from the date service was effected upon either Defendant. Therefore, this notice of removal is timely under 28 U.S.C. § 1446. (See Exhibit A).

12. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Supreme Court, Nassau County, New York, as an exhibit to a Notice of Filing and will be served upon counsel for Plaintiff. A copy of the Notice of Filing to the Supreme Court is attached hereto. (Exhibit B).

WHEREFORE, Defendants Verizon and Aetna request that this action proceed as an action removed to this Court.

3

2939058-01

DATED: July 10, 2013    By: CONNELL FOLEY LLP

_____
PATRICIA A. LEE (#PL5082)
Plee@connellfoley.com
85 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 535-0500
Facsimile: (973) 535-0500

-and-

888 Seventh Avenue, 9th Floor
New York, NY 10106
Telephone: (212) 262-2390
Facsimile: (212) 262-0050

*Attorneys for Defendants*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X
PHILIP M. RAFIY, M.D., a/a/o FREDERICK CONNERS,

Index No.: 6587-13
Date Filed: 6/4/13

Plaintiff(s),

**AMENDED SUMMONS**

- against -

VERIZON COMMUNICATIONS, INC., AETNA, INC.
d/b/a AETNA LIFE INSURANCE COMPANY,

Defendant(s).
------------------------------------------------------------------X

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates Nassau County as the place of trial. The basis of the venue is plaintiff's place of business at 87 W. Old Country Road, Hicksville, New York 11801.

Dated: Westbury, New York
       June 4, 2013

A True Copy
Att:
Process Server
Christine L. Foran

LEVIN & CHETKOF, LLP

By: _____
**Michael G. Levin, Esq.**
Attorney for Plaintiffs
265 Post Avenue – Suite 290
Westbury, New York 11590
(516) 338-2888
File No.: GL18199

Defendants' Addresses:
VERIZON COMMUNICATIONS, INC. - 140 West Street, New York, New York 10007
AETNA, INC. - 151 Farmington Avenue, Hartford, Connecticut 06156.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

------------------------------------------------------------------------X  Index No.: 6587-13

PHILIP M. RAFIY, M.D., a/a/o FREDERICK CONNERS,  Date Filed: 6/4/13

                                               Plaintiff(s),       **AMENDED COMPLAINT**

                    - against -

VERIZON COMMUNICATIONS, INC., AETNA, INC.
d/b/a AETNA LIFE INSURANCE COMPANY,

                                               Defendant(s).
------------------------------------------------------------------------X

      Plaintiff, PHILIP M. RAFIY, M.D., by his attorneys, LEVIN & CHETKOF, LLP, as and for his complaint against the defendant, respectfully alleges as follows:

      1.     At all times relevant hereto, plaintiff PHILIP M. RAFIY, M.D., (hereinafter referred to as "RAFIY"), has been and still is a duly licensed, board certified, orthopedic physician maintaining his principal place of business at 87 W. Old Country Road, Hicksville, New York 11801.

      2.     At all times relevant hereto, FREDERICK CONNERS, (hereinafter referred to as "CONNERS"), was a patient of plaintiff.

      3.     Upon information and belief, at all times relevant hereto, CONNERS was and is a resident of the state of New York residing at 88 Conlon Road, Roosevelt, New York 11575.

      4.     Upon information and belief, at all times relevant hereto, defendant VERIZON COMMUNICATIONS, INC., (hereinafter referred to as "VERIZON"), was and is a duly formed foreign business corporation, authorized to do business in the state of New York, with its principle place of business at 140 West Street, New York, New York 10007.

      5.     Upon information and belief, at all times relevant hereto, defendant AETNA,

INC., (hereinafter referred to as "AETNA"), was and is a duly formed foreign business corporation, providing healthcare benefits to its subscribers/members/insureds, with its principle place of business at 151 Farmington Avenue, Hartford, Connecticut 06156.

6. Upon information and belief, at all times relevant hereto, defendant AETNA LIFE INSURANCE COMPANY, (hereinafter referred to as "AETNA LIFE"), was and is a wholly owned subsidiary of AETNA, providing healthcare benefits to its subscribers/members/insureds.

7. Upon information and belief, defendant VERIZON maintained a self-funded health insurance plan, providing healthcare benefits to its subscribers/ members/insureds.

8. Upon information and belief, defendant VERIZON retained, contracted and/or engaged with AETNA and/or AETNA LIFE to administer said insurance plan.

9. At all times relevant hereto, CONNERS duly maintained and/or was provided with an insurance policy with the defendants that provided benefits for medical care and treatment.

10. Upon information and belief, at all times relevant hereto assignor's insurance and health care benefits was part of an employee benefits plan and was subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.

11. ERISA authorizes a participant or his/her assignee to bring a civil action to recover accrued benefits due under the plan and to seek a declaratory judgment on the entitled to benefits provided by the plan. 29 U.S.C. § 1132[a][1][B].

12. State courts have concurrent jurisdiction over civil actions commenced by participants or assignees for relief under ERISA where the participant or beneficiary asks the court, as in a typical contract action, to construe or apply the terms of the plan to the facts of his/her particular issue. See, Holbrook v. National Fuel Gas Distribution Corp., 11 A.D.3d 1040, 782 N.Y.S.2d 305 (4th Dept. 2004); Nalezenec v. Blue Cross of Western New York, Inc., 191 A.D.2d

982, 595 N.Y.S.2d 268 (4th Dept. 1993); Thomas v. Best, 104 A.D.2d 37, 480 N.Y.S.2d 368 (3rd Dept. 1984); Montner v. Interfaith Medical Center, 157 Misc.2d 583, 596 N.Y.S.2d 975 (N.Y.City Civ. Ct., 1993).

13. At all times relevant hereto, CONNERS, in relation to the medical treatment rendered by plaintiff and his staff, assigned all of his rights and benefits of his insurance policy with defendants to plaintiff, RAFIY.

14. Upon information and belief, at all times relevant hereto, plaintiff was retained, contracted, employed and/or engaged to render certain professional medical services to defendants' subscriber/member/insured CONNERS.

15. On September 18, 2012, RAFIY and his staff rendered professional medical services to CONNERS.

16. Upon information and belief, at all times relevant hereto, plaintiff, RAFIY, was considered an "out of network" provider in accordance with the defendants' applicable insurance policy.

17. Upon information and belief, the defendants' pre-approved the medical services rendered to CONNERS by plaintiff, RAFIY.

18. Bills for the services rendered were properly invoiced and forwarded to the defendants.

19. The bills for services rendered amounted to $180,722.00.

20. To present, defendants have failed and refused to make full payment for services rendered on behalf of its subscriber/member/insured and have only made partial payment in the amount of $31,297.77.

21. By reason of the foregoing, plaintiff has been damaged in the sum of $149,424.23 representing the unpaid invoices, together with the costs and disbursements of this action, including reasonable attorney's fees and interest.

**WHEREFORE,** plaintiff demands judgment against defendants as follows:

(1) declaring defendant responsible for the payment of benefits to the plaintiff under the terms of the plan;

(2) awarding plaintiff damages in the sum of $149,424.23, together with statutory 9% interest, costs, disbursements and reasonable attorneys' fees;

(3) awarding such other and further relief as the Court deems just and proper together with reasonable attorneys' fees, and the costs and disbursements of this action.

Dated: Westbury, New York
        June 4, 2013

LEVIN & CHETKOF, LLP

By: _____
      Michael G. Levin, Esq.
Attorneys for Plaintiff
265 Post Avenue – Suite 290
Westbury, New York 11590
(516) 338-2888
File No.: GL18199

*Index Number:* **6587**     *Year:* **2013**

SUPREME COURT OF THE STATE OF NEW YORK
<u>COUNTY OF NASSAU</u>

PHILIP M. RAFIY, M.D., a/a/o FREDERICK CONNERS,
                              *Plaintiff(s),*

           -against-

VERIZON COMMUNICATIONS, INC., AETNA, INC. d/b/a AETNA LIFE INSURANCE COMPANY,
                              *Defendant(s).*

## AMENDED SUMMONS & AMENDED COMPLAINT

**LEVIN & CHETKOF, LLP**
*Attorneys for Plaintiff(s)*
**265 POST AVENUE**
**SUITE 290**
**WESTBURY, NEW YORK 11590**
**(516)-338-2888**
**FAX (516)-338-4343**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies upon information and belief and reasonable inquiry, the contents contained in the annexed documents are not frivolous.*
Dated: 6/4/13     Signature _____
                    Print Signer's Name_____Michael G. Levin_____

Service of a copy of the within                       Is hereby admitted

Dated: _____

                              *Attorney for*

PLEASE TAKE NOTICE

☐ That the within is a (certified) true copy of a
    Entered in the office of the clerk of the within named Court on     2013.

NOTICE OF
ENTRY

☐ That an Order of which the within is a true copy of will be presented for settlement to the
    Hon.            one of the judges of the within named Court,
    at
    on            2013, at    .m..

Dated:

                                          **LEVIN & CHETKOF, LLP**
                                          **Attorneys for Plaintiff(s)**
                                          265 Post Avenue - suite 290
                                          Westbury, New York 11590
                                          (516) 338-2888

To:
    Attorney(s) for

RECEIVED
JUN 18 2013
LAW OPERATIONS

Service of Process

Date: 6/18/13

Time: 2:40 pm

Served by: Christine Foran

Accepted By: Mackenzie Akba
(Print Name)

Signature: [signature]



**Service of Process Transmittal**
06/11/2013
CT Log Number 522902380

TO: Sabrina Moyano
Verizon Communications Inc.
One Verizon Way
Basking Ridge, NJ 07920-1097

RE: **Process Served in New York**

FOR: Verizon Communications Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

TITLE OF ACTION: Philip M. Rafiy, M.D., a/a/o Frederick Conners, Pltf. vs. Verizon Communications, Inc. and Aetna, Inc., etc., Dfts.
*Name discrepancy noted.*

DOCUMENT(S) SERVED: Amended Summons, Amended Complaint, Attachment

COURT/AGENCY: Nassau County: Supreme Court, NY
Case # 658713

NATURE OF ACTION: Monies Due and Owing - Services Rendered - Bills for services rendered which amounted to $180,722.00 - Services rendered on behalf of its subscriber/member/insured have only been partially paid in the amount of $31,297.77

ON WHOM PROCESS WAS SERVED: C T Corporation System, New York, NY

DATE AND HOUR OF SERVICE: By Process Server on 06/11/2013 at 14:31

JURISDICTION SERVED: New York

APPEARANCE OR ANSWER DUE: Within 20 days after the service, exclusive of the day of service

ATTORNEY(S) / SENDER(S): Michael G. Levin
Levin & Chetkof, LLP
265 Post Avenue - Suite 290
Westbury, NY 11590
(516) 338-2888

REMARKS: Process server underlined entity to be served

ACTION ITEMS: SOP Papers with Transmittal, via Fed Ex 2 Day , 799984964258
Image SOP
Email Notification, Sabrina Moyano sabrina.moyano@verizon.com
Email Notification, Victoria J Wefer victoria.j.wefer@verizon.com
Email Notification, Alice Burke alice.burke@verizon.com
Email Notification, Alexander Shekhter alexander.v.shekhter@verizon.com

SIGNED: C T Corporation System
PER: Christopher Tilton
ADDRESS: 111 Eighth Avenue
13th Floor
New York, NY 10011
TELEPHONE: 212-590-9070

Page 1 of 1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT B

CONNELL FOLEY LLP
888 7th Avenue, 9th Floor
New York, New York 10106
*Attorneys for Defendants Verizon Communications, Inc.
and Aetna, Inc. d/b/a Aetna Life Insurance Company*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| PHILIP M. RAFIY, M.D. a/a/o FREDERICK CONNERS,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., AETNA, INC. d/b/a AETNA LIFE INSURANCE COMPANY,<br><br>Defendants. | Index No. 6587-13<br><br>**NOTICE TO CLERK OF SUPREME COURT OF FILING NOTICE OF REMOVAL** |

To: Clerk of the Supreme Court of New York
Nassau County
100 Supreme Court Drive
Mineola, New York 11501

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants, Verizon Communications, Inc. and Aetna, Inc. d/b/a Aetna Life Insurance Company, filed on the 10th day of July, 2013, a Notice of Removal of the above-captioned matter in the United States District Court for the District of New Jersey. Pursuant to 28 U.S.C. § 1446(d), this affects the removal of the case, and the State Court may proceed no further unless the case is remanded.

A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

DATED: July 10, 2013

CONNELL FOLEY LLP
*Attorneys for Defendants*

By: *[signature]*
PATRICIA A. LEE

2938960-01